# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 30, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| PAUL DROBBIN, | * | No. 14-225V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Decision on Proffer; Damages; |
| | * | Influenza ("Flu") Vaccine; Small |
| SECRETARY OF HEALTH | * | Fiber Neuropathy |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Martin J. Rubenstein*, Martin Rubenstein, Staten Island, NY, for Petitioner.
*Ryan D. Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 24, 2014, Paul Drobbin ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). Petitioner alleged that an influenza ("flu") vaccine administered on November 18, 2011, caused him to suffer from various symptoms. *See* Pet. at 1, ECF No. 1. Petitioner ultimately narrowed his alleged injuries to "combined sensory and motor polyneuropathy, overlapping with neuromuscular juncture dysfunction." Pet'r's Pre-Hr'g Br. at 1, ECF No. 76.

I held an entitlement hearing in this case on April 17, 2019. *See* ECF Nos. 91–92. On January 1, 2020, I issued a ruling on entitlement finding that Petitioner was entitled to compensation for small fiber neuropathy. Ruling on Entitlement at 26, ECF No. 94.

On November 14, 2022, Respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 120. On November 21, 2022, the parties filed a joint status report stating that

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

Petitioner has accepted Respondent's proffer. ECF No. 121. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **[A] lump sum payment of $2,102,629.17[, which includes $250,000.00 for pain and suffering, $70,815.17 for past unreimbursable expenses, and $1,781,814.00 for loss of earnings,] in the form of a check payable to [P]etitioner. T[his] amount represents all elements of compensation to which [P]etitioner is entitled under 42 U.S.C. § 300aa-15(a).**

Proffer at 1–2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAUL DROBBIN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | No. 14-225V<br>Special Master Herbrina D. Sanders<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 24, 2014, Paul Drobbin ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered numerous and varied symptoms and conditions as a result of receiving an influenza vaccination on November 18, 2011. Petition at ¶¶ 1-9. In a January 21, 2020 Ruling on Entitlement, the Special Master found petitioner entitled to compensation for his development of a small fiber neuropathy.[1]

**I.     Items of Compensation**

　　A.     Pain and Suffering

Respondent proffers that petitioner should be awarded a net present value of $250,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 21, 2020 Ruling on Entitlement.

B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his injury determined by the Court to be vaccine-related. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $70,815.17. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.      Loss of Earnings

Evidence supplied by petitioner documents that he incurred a loss of earnings related to his injury determined by the Court to be vaccine-related. Respondent proffers that petitioner should be awarded past and future lost earnings at net present value in the amount of $1,781,814.00.[2] *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following: a lump sum payment of $2,102,629.17, in the form of a check payable to petitioner.[3]

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Paul Drobbin: **$2,102,629.17.**

---

[2] This amount has been reduced by the sum calculated for federal and state income taxes.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

2

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: November 14, 2022