# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 17, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| PAUL DROBBIN, | * | |
| | * | No. 14-225V |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Martin Jeffrey Rubenstein*, Martin Rubenstein, Staten Island, NY, for Petitioner.
*Ryan Daniel Pyles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 24, 2014, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2018); Pet., ECF No. 1. Petitioner initially alleged that the influenza ("flu") vaccine he received on November 18, 2011, caused him to suffer from numerous ailments. *Id.* at 1. Petitioner ultimately narrowed his alleged vaccine-caused injuries to "combined sensory and motor polyneuropathy, overlapping with neuromuscular juncture dysfunction." *See, e.g.*, Pet'r's Br. at 1, ECF No. 76. On January 21, 2020, I issued a ruling on entitlement finding that Petitioner is entitled to compensation. Ruling, ECF No. 94. On April 28, 2022, I issued a decision awarding $180,439.27 interim attorneys' fees and costs. Decision, ECF No. 108. On November 30, 2022, I issued a damages decision based on the parties' proffer. Decision, ECF No. 122.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 30, 2023, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot., ECF No. 127. Petitioner requests a total of $59,271.42, representing $28,154.10 in attorneys' fees, $8,202.32 in attorneys' costs, and $22,915.00 in costs incurred by Petitioner. Aff. of Martin Rubenstein, ECF No. 127-1; Aff. of Paul Drobbin, ECF No. 127-3. Respondent responded to the motion on May 30, 2023, stating Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 128. Petitioner did not file a reply. This matter is now ripe for consideration.

I.    **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, Petitioner prevailed on entitlement, and I am satisfied that good faith and reasonable basis have been met in this case. Respondent also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates for the work of his counsel, Mr. Martin Rubenstein: $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, and $553.00 per hour for work performed in 2023. These rates require minor adjustments.

In the decision for interim attorneys' fees, I reduced Attorney Rubenstein's 2021 rate to $500.00 per hour based on counsel's experience in the Vaccine Program. *Drobbin v. Sec'y of Health & Hum. Servs.*, No. 14-225V, 2022 WL 1515024, at *3 (Fed. Cl. Spec. Mstr. Apr. 28, 2022) (citing *Whelan v. Sec'y of Health & Hum. Servs.*, No. 16-1174V, 2019 WL 5290521, at *2 (Fed. Cl. Spec. Mstr. Sept. 11, 2019)). Therefore, I will again compensate Attorney Rubenstein's work during 2021 at $500.00 per hour, along with the following adjustments: $520.00 per hour for work performed in 2022, and $540.00 per hour for work performed in 2023. This results in a reduction of $394.10.[4]

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be reasonable and find counsel has provided sufficiently detailed descriptions for the tasks performed. However, I find that Attorney Rubenstein spending 13 hours on preparation of the final fees and cost motion to be excessive and unreasonable, especially considering many of the documents submitted in this motion were

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.
[4] $28,154.10 – ((2.4 hours x $500.00) + (35.5 hours x $520.00) + (15.0 hours x $540.00)) = $394.10.

3

previously submitted in the motion for interim attorneys' fees. Therefore, I will reduce the time spent on this task by half. This results in a reduction of $3,510.00.[5]

Additionally, for the issues discussed below regarding submitting documentation for costs, the remaining of Petitioner's attorneys' fees will be reduced by 5%. This results in an additional reduction of $1,212.50.[6] Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $23,037.50.[7]

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Hum. Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Hum. Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by petitioners in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Smith v. Sec'y of Health & Hum. Servs.*, No. 18-0043V, 2020 WL 1243238, at *9 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Ceballos v. Sec'y of Health & Hum. Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $31,117.32 in costs, which includes $8,202.32 in attorneys' costs, and $22,915.00 in costs incurred by Petitioner himself. The costs incurred personally by Petitioner is primarily comprised of expert fees for work performed by Drs. Brawer and Rubenstein. The expert fees for Drs. Brawer and Rubenstein were requested in Petitioner's motion for interim fees and costs but were deferred for inadequate documentation. Petitioner did not provide additional documentation for the expert fees since the issuance of the interim decision. However, because a substantial amount of these expenses was paid by Petitioner himself, rather than counsel, I will reimburse Petitioner for most of these expenses.[8]

---

[5] (13.0 hours x $540.00) / 2 = $3,510.00.
[6] ($28,154.10 – $394.10 – $3,510.00) x 5% = $1,212.50.
[7] $28,154.10 – $394.10 – $3,510.00 – $1,212.50 = $23,037.50.
[8] I note that while the amounts for the experts' work have been supported by documentation, that documentation is facially unsatisfactory. Pursuant to the Guidelines for Practice Under the National Vaccine Injury Compensation Program, expert services must be identified with contemporaneous, dated records indicating the amount of time spent on each task. Guidelines at 69. However, because the total amount incurred for Drs. Brawer's and Rubenstein's services is, in my experience, reasonable in light of the work performed in this case and because Petitioner incurred many of these expenses himself, I shall

### 1. Dr. Brawer

First, it is important to note that there are no detailed invoices in the record for Dr. Brawer's work. Petitioner acknowledges Dr. Brawer did not provide hourly invoices and avers he does not believe Dr. Brawer prepared any invoices. Aff. of Paul Drobbin at 4; *see also* Aff. Martin Rubenstein at 6. Petitioner believes he cannot obtain an hourly invoice now because it would not be prepared contemporaneously. Aff. of Paul Drobbin at 4. The lack of detailed invoices is not a new issue for Dr. Brawer. *Clark v. Sec'y of Health & Hum. Servs.*, No. 17-1553V, 2023 WL 2319374, at *6 (Fed. Cl. Spec. Mstr. Mar. 2, 2023); *Brunker v. Sec'y of Health & Hum. Servs.*, No. 18-683V, 2023 WL 21255 (Fed. Cl. Spec. Mstr. Nov. 29, 2022); *Moses v. Sec'y of Health & Hum. Servs.*, No. 19-739V, 2020 WL 6778002, at *4 (Fed. Cl. Spec. Mstr. Oct. 23, 2020); *Hanson v. Sec'y of Health & Hum. Servs.*, No. 18-590V, 2020 WL 5628694, at *2 fn. 3 (Fed. Cl. Spec. Mstr. Aug. 24, 2020); *Whelan v. Sec'y of Health & Hum. Servs.*, No. 16-1174V, 2019 WL 5290521, at *3 fn. 6 (Fed. Cl. Spec. Mstr. Sept. 11, 2019).

Moreover, there is no documentation, other than the affidavit of Petitioner's counsel, that shows an hourly rate for Dr. Brawer. Attorney Rubenstein avers Dr. Brawer's rates are between $500.00 and $550.00 per hour. Aff. of Martin Rubenstein at 5. Petitioner submitted affidavits and a supplemental memorandum to support Dr. Brawer's rates. *See* ECF Nos. 127-1, 127-3, 127-4. However, even if I were to accept this evidence, there are no hourly invoices for me to apply these rates to, and therefore hinders any direct lodestar calculation. Therefore, determining an appropriate rate for Dr. Brawer is unnecessary here.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira*, 27 Fed. Cl. at 34. Without detailed invoices or an hourly rate, the reasonableness of Dr. Brawer's services cannot be determined. Thus, under usual circumstances no award would be appropriate. *Thomas v. Sec'y of Health & Hum. Servs.*, No. 18-1948V, 2023 WL 2155057, at *4 (Fed. Cl. Spec. Mstr. Feb. 22, 2023); *see also Pickens v. Sec'y of Health & Hum. Servs.*, No. 17-187V, 2020 WL 414442, at *4 (Fed. Cl. Jan. 9, 2020); *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 222 (2009).

However, Petitioner paid most of Dr. Brawer's expenses himself and Petitioner should not be penalized for the inadequacies of Dr. Brawer's billing practices. Moreover, this is not Attorney Rubenstein's first time in the Vaccine Program, and he should be aware of the necessary documentation required for reimbursement of costs. Petitioner should also not be penalized for his counsel's failure to monitor experts' costs. Accordingly, Petitioner shall be reimbursed as detailed below for his payments to Dr. Brawer with minimal supporting documentation.[9]

---

selectively reimburse Petitioner for the expenses so as to not penalize him. Counsel is reminded to obtain detailed billing records from experts going forward, and that failure to do so will result in future reduction of costs awarded.

[9] Deficient documentation will not be accepted in future determinations of Dr. Brawer's fees and expenses, Additionally, Attorney Rubenstein will not be reimbursed for any expenses paid to Dr. Brawer due to the inadequate documentation.

Petitioner paid Dr. Brawer with a series of personal checks without corresponding invoices. *See* ECF No. 127-2 at 8 (a check dated January 8, 2016, made out directly to Dr. Brawer for $1,200.00 with "expert fees" written on the memo line); ECF No. 127-2 at 10 (a check dated April 13, 2016, made out directly to Dr. Brawer for $900.00 with nothing written on the memo line); ECF No. 127-2 at 48 (a check dated May 22, 2017, made out directly to Dr. Brawer for $1,500.00 with "expert" written on the memo line). For the April 13, 2016 check of $900.00, there is a letter dated March 30, 2016, from counsel to Dr. Brawer listing medical literature to review. ECF No. 127-2 at 12. There is a note on the letter from Dr. Brawer dated April 3, 2016, requesting payment of $900.00 for review of the literature and responses to previously asked questions. *Id.* Given the date on the letter and the date of the check, it is reasonable to conclude that the letter supports the $900.00 check payment. Accordingly, I will reimburse Petitioner for the $900.00 check. Similarly, for the May 22, 2017 check of $1,500.00, there is a letter dated May 11, 2017, from counsel to Dr. Brawer listing questions from the court and a note from Dr. Brawer dated May 20, 2017, requesting $1,500.00 for review of additional records and rendering a supplemental report. *Id.* at 52. Given the date on the letter and the date of the check, it is reasonable to conclude the letter supports the $1,500.00 check payment. Accordingly, I will reimburse Petitioner for the $1,500.00 check. There is, however, no such evidence to support the $1,200.00 check. Accordingly, $1,200.00 will be deducted from Petitioner's award of costs.

Next, Dr. Brawer requested $950.00 for review of materials and drafting a rebuttal report. ECF No. 127-2 at 50. However, there is no evidence of payment for these services and therefore $950.00 will be deducted from counsel's award of costs.

Finally, Dr. Brawer billed $2,750.00 for an examination of Petitioner as part of rendering his expert opinions. ECF No. 127-2 at 6; Pet'r's Ex. 40 at 3. While no detailed invoice was provided for this service, including an hourly rate or time spent, I find the submitted documentation, coupled with the details of the examination in Dr. Brawer's expert report, to be sufficient. *See Worcester v. Sec'y of Health & Hum. Servs.*, No. 16-1641V, 2022 WL 3369714, at *4-5 (Fed. Cl. Spec. Mstr. July 13, 2022) (awarding a flat rate of $2,500.00 for an independent medical evaluation). Accordingly, I will reimburse Petitioner in full for the cost of this examination.

### 2. Dr. Rubenstein

Unlike Dr. Brawer, Dr. Rubenstein submitted several invoices that include his hourly rate. However, these invoices do not provide sufficient detail to determine the reasonableness of the services performed. Dr. Rubenstein is cautioned that future payment of invoices will not be awarded without a detailed description of the services performed and the amount of time spent on each service. Dr. Rubenstein billed at an hourly rate of $550.00 per hour for work performed in 2016, and $600.00 per hour for work performed in 2019. ECF No. 127-2 at 14, 16, 22, 24, 31, 36. Petitioner submitted affidavits and a supplemental memorandum to support Dr. Rubenstein's rates.[10] *See* ECF Nos. 127-1, 127-3, 127-4. I will not make a determination on the reasonableness of Dr. Rubenstein's requested hourly rates at this time. However, based on the work performed, including the testimony he provided at the entitlement hearing, I find the time spent on this case is

---

[10] Attorney Rubenstein's affidavit only includes Dr. Rubenstein's years of experience and field of practice (information included in his CV). *See* Aff. of Martin Rubenstein at ¶ 57; ECF No. 127-4 at 5.

reasonable, and I will reimburse Dr. Rubenstein's expert costs to Petitioner where sufficient documentation has been provided, as detailed below.

I find that most of the payments made by Petitioner to Dr. Rubenstein are reasonable, with a few exceptions. First, while Dr. Rubenstein's rate changed through the course of litigation, I do not find two retainer fees necessary. Because Petitioner paid Dr. Rubenstein's $3,000.00 retainer fee in 2016 (included in a $4,100 check encompassing the retainer fee and two hours of work), I will not reimburse Petitioner for Dr. Rubenstein's second $3,000.00 retainer fee and $3,000.00 will be deducted from Petitioner's award of costs. ECF No. 127-2 at 14, 16, 18, 31-32, 34.

Next, Petitioner wrote a personal check dated May 6, 2017, made out to Dr. Rubenstein for $1,100.00 with "expert fees" written on the memo line. ECF No. 127-2 at 29. However, there is no corresponding invoice or any other evidence to support this payment. Therefore, $1,100.00 will be deducted from the Petitioner's award of costs.

There is also an invoice dated May 23, 2016, from Dr. Rubenstein for $1,925.00 for 3.50 hours for "additional review of documents" which was paid by counsel. ECF No. 127-2 at 22. The invoice does not contain sufficient details to articulate the reasonableness of the time spent on this task; therefore, I will not reimburse counsel for the $1,925.00 for this service and $1,925.00 will be deducted from counsel's award of costs. [11] Additionally, there is an invoice from Dr. Rubenstein for $2,475.00 for 4.50 hours for "additional review of documents & supplemental report." ECF No. 127-2 at 46. Not only does this invoice fail to sufficiently support the reasonableness of this cost, but there is also no evidence of payment for these services. Accordingly, an additional $2,475.00 will be deducted from counsel's award of costs.

Additionally, Petitioner wrote a personal check to Dr. Rubenstein for $1,440.00, which was comprised of the $600.00 invoice for time spent in a meeting with counsel and the $840.00 invoice for Dr. Rubenstein's travel expenses to and from the hearing. ECF No. 127-2 at 36, 41, 43. While not endorsing Dr. Rubenstein's rate, I find an hour-long meeting with counsel surrounding the hearing reasonable and will reimburse Petitioner for this expense. However, Petitioner failed to provide adequate documentation to support travel and transportation costs expended for the entitlement hearing. The invoice generally lists costs for round trip car and air fares, totaling $840.00. *See id.* at 41. But there are no receipts for such costs. *See Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005) (finding that when petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation). Accordingly, I cannot award reimbursement for the travel costs. This results in an additional reduction of $840.00 from Petitioner's award of costs.

Lastly, while there is no hourly invoice for the $5,000.00 fee for Dr. Rubenstein to testify at the hearing, Dr. Rubenstein did spend an entire day at the entitlement hearing. Because Petitioner incurred this expense himself, I will reimburse Petitioner for this cost.

---

[11] While there is another invoice dated October 18, 2016, for the same amount of time spent on the same tasks, I will award that $1,925.00 to Petitioner as Petitioner himself incurred that cost. ECF No. 127-2 at 24–25, 27.

I find the remainder of Petitioner's requested costs, comprised of accounting services related to the entitlement compensation awarded to Petitioner, FedEx charges, and the filing fee are all reasonable and will award them in full.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $28,154.10 |
| (Reduction to Fees) | ($5,116.60) |
| **Total Attorneys' Fees Awarded** | **$23,037.50** |
| | |
| Attorneys' Costs Requested | $8,202.32 |
| (Reduction of Costs) | ($5,350.00) |
| **Total Attorneys' Costs Awarded** | **$2,852.32** |
| | |
| Petitioners' Costs Requested | $22,915.00 |
| (Reduction of Costs) | ($6,140.00) |
| **Total Petitioner's Costs Awarded** | **$16,775.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$42,664.82** |

Accordingly, I award a lump sum in the amount of **$25,889.82** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel Martin Rubenstein, for final attorneys' fees ($23,037.50) and costs ($2,852.32).

Additionally, I award a lump sum in the amount of **$16,775.00** to be issued in the form of a check payable to Petitioner for costs incurred during the course of this litigation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[12]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[12] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.